IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALSPACH LUTHER RAYMOND,

        Plaintiff,

    v.

CARRIE C. COVODE,

        Defendant.

Case No. 3:26-cv-00737-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff Alspach Luther Raymond brings this action against Defendant Carrie C. Covode. Compl., ECF No. 1. Plaintiff moves to proceed *in forma pauperis*, ECF No. 2, as well as for appointment of counsel, ECF No. 3. Because Plaintiff has minimal income and assets, the Court grants Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons below, the Court dismisses the Complaint without prejudice for failure to state a claim on which relief may be granted. In light of the dismissal of the Complaint, the Court denies without prejudice as moot Plaintiff's motion for appointment of counsel.

1 – OPINION & ORDER

**BACKGROUND**

In Plaintiff's Civil Cover Sheet, with respect to jurisdiction, Plaintiff marks "U.S. Government Plaintiff" as the basis for jurisdiction while also marking the citizenship of the parties under a diversity jurisdiction theory. Compl. Attach. 1 ("Cover Sheet"), ECF No. 1-1. With respect to the nature of the suit, Plaintiff marks "Other Fraud." *Id.* With respect to cause of action, Plaintiff states that Plaintiff has "been institutionalized by guardian. Involuntary Servitude. Thirty three weeks of withholding my Social Security Cheques. 13th Amendment." *Id.*

In Plaintiff's Complaint, Plaintiff marks federal question jurisdiction. Compl. 3. Plaintiff alleges that his "Social Security [has been] withheld since August 2025." *Id.* Plaintiff further alleges, "I am subject to this guardian physical confinement. Involuntary confinement! 13th Amendment." *Id.* at 4. Plaintiff alleges in July 2025, Defendant "'fired' the agency which had been paid to distribute my Social Security cheque" and that since that date, Plaintiff has "received no monthly . . . Social Security [and has] been institutionalized by this guardian (involuntary servitude)." *Id.* at 6.[1] Plaintiff seeks $35,000 or $40,000 in relief. Cover Sheet (seeking $35,000); Compl. 4 (seeking $40,000).

**STANDARDS**

The Court may dismiss a complaint filed *in forma pauperis* at any time, including before service of process, if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that

---

[1] The Court uses CM/ECF page numbers to account for appended pages.

2 – OPINION & ORDER

is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007).

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

## DISCUSSION

Plaintiff fails to state a claim upon which relief may be granted. Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, *id.* § 1332(a). While Plaintiff did mark the citizenship of the parties, Cover Sheet, every other indication in Plaintiff's pleading suggests Plaintiff seeks federal question jurisdiction. Cover Sheet (marking "U.S. Government Plaintiff" and seeking $35,000); Compl. 3 (marking "Federal question"); Compl. 4 (seeking $40,000). Thus, the Court understands Plaintiff to be suing on the basis of federal question jurisdiction.

The only federal statute or constitutional provision cited by Plaintiff is the Thirteenth Amendment. Cover Sheet; Compl. 4, 6. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. "Neither the Supreme Court nor the Ninth Circuit have decided

3 – OPINION & ORDER

whether a private right of action exists under the Thirteenth Amendment." *Romine v. Duppman*, No. 2:16–cv–2012–TLN–EFB PS, 2017 WL 1740660, at *6 (E.D. Cal. May 4, 2017); *see also Jane Doe I v. Reddy*, No. C 02–05570 WHA, 2003 WL 23893010, at *10 (N.D. Cal. Aug. 2003) ("[N]o decision has ever actually upheld a private right of action under the Thirteenth Amendment."). Even assuming Plaintiff may assert a Thirteenth Amendment cause of action, Plaintiff has not sufficiently alleged subjection to involuntary servitude. Involuntary servitude exists where "the victim had no available choice but to work or be subject to legal sanctions." *United States v. Kozminski*, 487 U.S. 1988, 943 (1988). "Involuntary confinement" is not the equivalent of involuntary servitude. Accordingly, the Court dismisses the Complaint and gives Plaintiff leave to amend to state a claim upon which relief may be granted.

## CONCLUSION

The Court GRANTS Plaintiff's Application to Proceed In Forma Pauperis [2] and DISMISSES Plaintiff's Complaint [1] with leave to amend. Because the Court dismisses Plaintiff's complaint in its entirety without prejudice, Plaintiff's Motion for Appointment of Counsel [3] is DENIED without prejudice as moot.

Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order. The Clerk shall not issue the summons without direction from the Court.

IT IS SO ORDERED.

DATED this 27th day of April, 2026.

AMY M. BAGGIO
United States District Judge

4 – OPINION & ORDER