IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALSPACH LUTHER RAYMOND,

        Plaintiff,

    v.

CARRIE C. COVODE,

        Defendant.

Case No. 3:26-cv-00737-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff Alspach Luther Raymond brings this action against Defendant Carrie C. Covode. Am. Compl., ECF No. 6. The Court previously granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's initial complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Op. & Order, ECF No. 5. Plaintiff filed an Amended Complaint. Am. Compl. For the reasons below, the Court dismisses the Amended Complaint without prejudice but without leave to amend and enters judgment accordingly.

1 – OPINION & ORDER

## BACKGROUND

In Plaintiff's initial Complaint, Plaintiff alleged against his guardian Carrie C. Covode that his "Social Security [has been] withheld since August 2025." Compl. 3, ECF No. 1. Plaintiff further alleged, "I am subject to this guardian physical confinement. Involuntary confinement! 13th Amendment." *Id.* at 4. Plaintiff alleged that in July 2025, Defendant "'fired' the agency which had been paid to distribute my Social Security cheque" and that since that date, Plaintiff has "received no monthly . . . Social Security [and has] been institutionalized by this guardian (involuntary servitude)." *Id.* at 6.[1]

The Court construed Plaintiff's initial Complaint as asserting federal question jurisdiction. Op. & Order 3 (noting Plaintiff marked "U.S. Government Plaintiff" as the basis of jurisdiction on the Civil Cover Sheet, marked the citizenship of the parties as the same state on the Civil Cover Sheet, and marked "Federal question" in the Complaint). The Court then noted that the only federal statute or constitutional provision identified by Plaintiff was the Thirteenth Amendment. *Id.* The Court found "[n]either the Supreme Court nor the Ninth Circuit have decided whether a private right of action exists under the Thirteenth Amendment." *Id.* at 3–4 (quoting *Romine v. Duppman*, No. 2:16–cv–2012–TLN–EFB PS, 2017 WL 1740660, at *6 (E.D. Cal. May 4, 2017), *report and recommendation adopted*, 2017 WL 3783123, *aff'd*, 744 F. App'x 377). Even assuming Plaintiff could bring suit under the Thirteenth Amendment, the Court found Plaintiff alleged "involuntary confinement" while the Thirteenth Amendment bars involuntary servitude. *Id.* at 4; *cf. United States v. Kozminski*, 487 U.S. 931, 943 (1988) (defining Thirteenth Amendment involuntary servitude as "no available choice but to work or be subject to legal

---

[1] The Court uses CM/ECF page numbers to account for appended pages.

2 – OPINION & ORDER

sanction"). The Court thus dismissed the initial Complaint for failure to state a claim under § 1915(e)(2)(B)(ii) and granted Plaintiff leave to amend. Op. & Order 4.

Plaintiff timely filed an Amended Complaint. Am. Compl. The first five pages of Plaintiff's Amended Complaint—the Court-provided form—are nearly identical to the first five pages of the initial Complaint. *Compare* Am. Compl. 1–5, *with* Compl. 1–5. Plaintiff's initial and amended complaints are both dated April 14, 2026. Compl. 5; Am. Compl. 5. Beyond the Amended Complaint itself, Plaintiff has attached exhibits, some of which are repeat filings from the initial complaint and some of which are new. *See* Compl. Ex. 1, ECF No. 6-1; Ex. 12, ECF No. 8; Ex. 7, ECF No. 9. Among the exhibit material is a letter from a staffer to the President of Colombia, Compl. Ex. 1, at 2; miscellaneous writings, *id.* at 3; a letter dated February 8, 1993 from the Vice President of District Security at the Federal Reserve Bank of San Francisco, *id.* at 4; writings about United States currency and the Soviet Union, *id.* at 5; a letter dated August 26, 2025 from the White House, *id.* at 6; more miscellaneous writings, *id.* at 7; a letter from Plaintiff to the Portland Field Office of the United States Secret Service, *id.* at 8–9; more miscellaneous writings about the Soviet Union, *id.* at 10–11; flight itineraries, *id.* at 12, 14; miscellaneous writings about Tillamook, *id.* at 15–18; miscellaneous writings about Salmon Chase, Ex. 8, at 1; and repeats of the above, Ex. 7, at 1–6.

## STANDARDS

The Court may dismiss a complaint filed *in forma pauperis* at any time, including before service of process, if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that

3 – OPINION & ORDER

is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007).

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

## DISCUSSION

In his Amended Complaint, Plaintiff filed the same document as the initial complaint. *Compare* Am. Compl. 1–5, *with* Compl. 1–5. Plaintiff has not cured the deficiencies identified in the Court's previous Opinion & Order. Plaintiff fails to state a claim under the Thirteenth Amendment and has failed to identify any other federal statutory or constitutional provision giving rise to a federal cause of action. In sum, Plaintiff again fails to state a claim upon which relief may be granted against his guardian Defendant Carrie C. Covode.[2]

---

[2] The Court also takes judicial notice of state court adult protective proceedings in which Plaintiff is the Protected Person and Defendant is the Guardian. *In re Luther Raymond Alspach*, C150057PG, Wash. Cnty. Cir. Ct. (June 6, 2026). Federal courts may take judicial notice of state court proceedings. *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). To the extent Plaintiff is asking this Court to intervene in an ongoing state guardianship proceeding, the Court raises abstention concerns under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Indeed, "states have an especially strong interest" in "state court procedure in guardianship proceedings . . . ." *Disability Rts. New York v. New York*, 916 F.3d 129, 136 (2d Cir. 2019); *see also Hernandez v. Kylm*, No. 2:24-CV-00138-SAB, 2024 WL 2926194, at *1 (E.D. Wash. June 10, 2024) (dismissing action by a plaintiff challenging their civil commitment because, among other reasons, "to the to the extent Plaintiff is asking this Court to intervene in an ongoing state guardianship proceeding pending [in state court], this Court must abstain under the doctrine set forth in [*Younger*]").

4 – OPINION & ORDER

The Court recognizes that "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati*, 791 F.3d at 1039 (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). That said, "[a] district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Here, the Court previously identified deficiencies in Plaintiff's Thirteenth Amendment allegations. Op. & Order 3–4. The Court first noted that Plaintiff made no showing to support the Court breaking new ground to find a private right of action under the Thirteenth Amendment. *Id.* The Court further noted that even if such an action existed, Plaintiff did not allege involuntary servitude but rather involuntary confinement. *Id.* In receipt of this guidance, Plaintiff re-filed the same complaint. Am. Comp. 1–5. Plaintiff supplemented the Amended Complaint with irrelevant and frivolous material. Am. Compl. Ex. 1; Ex. 12; Ex. 7. The Court finds it clear that amendment is futile. The Court dismisses Plaintiff's Amended Complaint without prejudice but without leave to amend.[3]

//

//

//

---

[3] The aforementioned grounds—failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and futility of amendment—are independently sufficient to warrant dismissal. In addition, the Court notes that 28 U.S.C. § 1915(e)(2)(B)(i) provides that "the court shall dismiss the case at any time if . . . the action . . . is frivolous or malicious[.]" Plaintiff's most recent filing contains profanity directed at the undersigned. Notice 4, ECF No. 10; *cf. Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam) (authorizing under § 1915 "immediate dismissal of a complaint appropriately characterized as malicious" and noting that a document that "threatens violence or that contains disrespectful references to the court falls in this category").

5 – OPINION & ORDER

**CONCLUSION**

The Court DISMISSES Plaintiff's Amended Complaint [6] without prejudice but without leave to amend. Pending motions are DENIED as moot. Final judgment shall be entered accordingly.


IT IS SO ORDERED.

DATED this __1st__ day of July, 2026.


_____
AMY M. BAGGIO
United States District Judge

6 – OPINION & ORDER